UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
CARLOS ROJAS,

                Plaintiff,

  -against-

SIGNATURE BANK,

                Defendant.
----------------------------------X

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ MAR 25 2019 ★

BROOKLYN OFFICE

MEMORANDUM AND ORDER
18-CV-6757 (KAM)

**MATSUMOTO, United States District Judge:**

On November 27, 2018, plaintiff Carlos Rojas, proceeding *pro se*, filed the above-captioned action along with a request to proceed *in forma pauperis* ("IFP"). Plaintiff brings this action against defendant Signature Bank, after his accounts were closed, asserting claims for discrimination on the basis of race and national origin, breach of contract, emotional distress, and the violation of New York state banking "rules and regulations." The Court grants plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 solely for this Order. The Complaint is dismissed for failure to state a claim on which relief may be granted, with leave to replead as set forth below.

## BACKGROUND

The following facts are taken from the Complaint, the allegations of which are assumed to be true for purposes of this

1

Memorandum and Order. Plaintiff alleges that defendant closed "all my 11 CD's [certificates of deposit] accounts and my money market and checking accounts." (ECF No. 1 at 5.) Further, the CDs were closed before their one-year maturity dates. (*Id.*) Plaintiff asserts no other facts. Plaintiff seeks compensatory damages from defendant for closing plaintiff's CD's before the maturity date, as well as psychological and emotional damages and punitive damages for discriminating against plaintiff. (*Id.* at 4-6.)

## STANDARD OF REVIEW

Under 28 U.S. C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

To avoid dismissal, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L.Ed. 2d 929 (2007). A claim will be considered plausible on its face "when the plaintiff pleads factual content that allows the court to draw reasonable inference that the defendant

is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A court must construe a *pro se* litigant's pleadings liberally. *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007); *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009). A *pro se* complaint should not be dismissed without granting the plaintiff leave to amend "at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999) (internal quotation marks and citations omitted). Nevertheless, "a *pro se* plaintiff must still comply with the relevant rules of procedural and substantive law, including establishing that the court has subject matter jurisdiction over the action." *Wilber v. U.S. Postal Serv.*, No. 10-CV-3346, 2010 WL 3036754, at *1 (E.D.N.Y. Aug. 2, 2010) (internal quotation marks and citations omitted).

### DISCUSSION

The Court liberally construes the Complaint, filed pursuant to the court's federal question jurisdiction, (ECF No. 1 at 4), as alleging that in closing Plaintiff's bank accounts,

defendant denied him the same right to make and enforce contracts as a white citizen, in violation of 42 U.S.C. § 1981.[1]

"Among the many statutes that combat racial discrimination, § 1981, originally § 1 of the Civil Rights Act of 1866 . . . has a specific function: It protects the equal right of '[a]ll persons within the jurisdiction of the United States' to 'make and enforce contracts' without respect to race." *Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 474-75 (2006) (quoting 42 U.S.C. § 1981(a)). 42 U.S.C. § 1981(a) states:

> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

---

[1] The Court declines to liberally construe the Complaint as alleging a claim under 42 U.S.C. § 1983 because plaintiff has named private entities as defendants, Signature Bank and one of its Senior Vice Presidents, not state actors as required to state a claim under Section 1983. *See Nwachukwu v. Liberty Bank*, 257 F. Supp. 3d 280, 288 (D. Conn. 2017) (dismissing plaintiff's § 1983 claim against defendant bank because not a state actor) (citing *Hollander v. Copacabana Nightclub*, 624 F.3d 30, 33 (2d Cir. 2010).

Based on the minimal facts asserted in the Complaint, plaintiff's potential remaining claims, breach of contract, emotional distress and violation of New York state banking regulations, the claims arise under New York state law, and thus do not provide a basis for federal question jurisdiction.

42 U.S.C. § 1981(a). Making and enforcing contracts includes, "the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." 42 U.S.C. § 1981(b). To establish a § 1981 claim, a plaintiff must show: (1) that he is a member of a racial minority; (2) the defendant's intent to discriminate on the basis of race; and (3) that the discrimination concerned one or more of the activities enumerated in § 1981. *Lauture v. Int'l Bus. Machs. Corp.*, 216 F.3d 258, 261 (2d Cir. 2000). "The facts required by *Iqbal* to be alleged in the complaint . . . need only give plausible support to a minimal inference of discriminatory motivation." *Littlejohn v. City of New York*, 795 F.3d 297, 311 (2d Cir. 2015).

The Court liberally construes Plaintiff's claim of race and national origin discrimination and his factual allegation that he has "Hispanic looks" as satisfaction of the pleading requirement for the first prong of a section 1981 claim which requires that plaintiff be a member of a racial minority. *Vill. of Freeport v. Barrella*, 814 F.3d 594, 606 (2d Cir. 2016) ("[I]t has long been settled in this circuit that Hispanics comprise a distinct race for purposes of § 1981.").

Plaintiff has also satisfied the third prong. Section 1981 defines the scope of protected contract rights to include: "the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." 42 U.S.C. § 1981(b). "Plaintiff and Defendant had a contractual relationship, as account holder and bank respectively, and Defendant's alleged discrimination concerned Plaintiff's ability to make and enforce that contract, one of the activities enumerated in § 1981." *Nwachukwu*, 257 F. Supp. 3d 280, 288 (2d Cir. 2017). Plaintiff, however, has failed to allege facts in support of the second prong, intent to discriminate on the basis of race. Plaintiff alleges no facts in support of his conclusion that defendant had a discriminatory intent for its actions.

The well-pleaded allegations against the bank in *Nwachukwu* are distinguishable from the present case because the instant plaintiff made only bare bones conclusory allegations in support of his claim. By contrast, the plaintiff in *Nwachukwu* alleged that a bank employee inquired, by phone, into his country of origin and line of work. The *Nwachukwu* plaintiff later received a letter, dated the same day as the phone

6

inquiry, from an officer of the bank, informing the plaintiff of the bank's decision to close all of his accounts and citing the bank's difficulty in determining "the types of clients or the types of countries for which you contract with." *Id.* at 292, 305. The *Nwachukwu* plaintiff further alleged that, during a subsequent telephone call, the bank officer told him: "We don't want money from your type." *Id.*

Here, Plaintiff's Complaint alleges no facts at all regarding Defendant's intent to discriminate on the basis of race nor any facts from which such an intent to discriminate could be inferred. Therefore, the Complaint fails to state a 42 U.S.C. § 1981 claim. 28 U.S.C. § 1915(e)(2)(B).

A. *Leave to Amend*

In light of plaintiff's *pro se* status, the court affords plaintiff an opportunity to amend the Complaint. *See* Fed R. Civ. P. 15(a); *see e.g., Davis v. Goord*, 320 F.3d 346, 352 (2d Cir. 2003) ("Certainly the court should not dismiss without granting leave to amend at least once when a liberal reading of the [pro se] complaint gives any indication that a valid claim might be stated.") (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir.1999)). Should plaintiff file an amended complaint, he must allege a basis for this Court's

subject matter jurisdiction,[2] and satisfy the minimal filing requirements of Fed. R. Civ. P. 8 by providing the defendant with notice of the claims against it and a short, plain statement of the relevant facts supporting those claims.

**CONCLUSION**

Plaintiff's complaint is dismissed for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B). Plaintiff is granted thirty days to amend his complaint. Should plaintiff decide to file an amended complaint, it must be submitted within thirty days of this Order, be captioned "Amended Complaint," and bear the same docket number as this Order. Plaintiff is advised that the amended complaint will completely replace the original complaint, so plaintiff must include in it any allegations he wishes to pursue against the defendant. If submitted, the amended complaint will be reviewed for compliance with this Order and for sufficiency under Fed. R. Civ. P. 8 and 28 U.S.C. §§ 1915(e)(2)(B). If plaintiff fails to comply with this Order within the time allowed, the action shall be dismissed, and judgment shall enter.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith

---

[2] The Court notes that unless the amended complaint asserts a sufficient factual basis for this Court's federal question or diversity jurisdiction, this court may not entertain plaintiff's state law claims.

8

and therefore *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States,* 369 U.S. 438, 444-45 (1962). The Clerk of Court is respectfully requested to serve a copy of this memorandum and order on *pro se* plaintiff, and note service on the docket by March 25, 2019.

**SO ORDERED.**

Dated: Brooklyn, New York
      March 22, 2019

                                                          /s/
                                          Kiyo A. Matsumoto
                                          United States District Judge